UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WC ARMSTRONG PROPERTIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:24-CV-1239 SRW |
| vs. | ) ) ) | |
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss (ECF No. 17). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). The Court will grant the motion.

**I.     BACKGROUND**

Plaintiff filed a petition in the Circuit Court of the City of St. Louis alleging Defendant refused to compensate Plaintiff for damages at a property Plaintiff owns that is insured by Defendant. Plaintiff asserted a claim for vexatious refusal to pay and in the alternative, claims for conversion of premiums and fraudulent misrepresentation. Defendant removed the case to this Court and filed a motion to dismiss. In response, Plaintiff filed a first amended complaint wherein Plaintiff asserted the same claims but with additional factual allegations. Defendant promptly filed a second motion to dismiss arguing the Court should dismiss the amended complaint in its entirety.

The following facts as alleged in the first amended complaint are accepted as true for the purposes of this order.

1

Plaintiff owned a commercial building at 911 Holly Hills in the City of St. Louis. From 2014 to 2021, Defendant deducted premiums from Plaintiff's bank account. Defendant represented to Plaintiff that it debited these premiums from Plaintiff's account in exchange for coverage from losses because of damage to the Holly Hills property. Plaintiff was the only entity at risk of incurring losses because of damage to the Holly Hills property during this time period.

No one has ever filed articles of organization, a foreign company, or to do business under the name "William Armstrong, LLC" with the Missouri Secretary of State. No entity named "William Armstrong, LLC" has ever held an interest in the Holly Hills property or been at risk of incurring losses if the Holly Hills property were damaged. "William Armstrong, LLC" is a typographical error in the policy Defendant wrote stating the terms of coverage for the Holly Hills property.

## II.   DISCUSSION

In its motion, Defendant asks the Court to dismiss all of Plaintiff's claims. First, Defendant asserts the Court should dismiss Plaintiff's vexatious refusal to pay claim because Plaintiff is not a party to the insurance contract issued by Defendant. For Plaintiff's conversion claim, Defendant states it has already returned the premiums, with interest. Finally, Defendant argues Plaintiff's fraudulent misrepresentation claim fails because recovery against an insurance company for policy benefits is limited to statutory remedies or those provided by the law of contract, not the law of tort.

Plaintiff's response is brief, consisting of only three paragraphs wherein Plaintiff states it is a matter of public record that Plaintiff is the only owner of the Holly Hills property, and that Defendant issued a policy to an entity that has never existed. Plaintiff then concludes, "That's not a defense. That's a confession to conversion, wire fraud, tax fraud, and racketeering. As

2

such, Defendant's motion to dismiss should be denied." ECF No. 21, at 1. In its reply, Defendant asks the Court to consider Plaintiff's failure to respond to Defendant's argument a waiver of those issues.

Plaintiff's failure to respond in any substantive manner to Defendant's arguments is a sufficient basis upon which to dismiss Plaintiff's complaint. *O'Hara v. Fairbank*, 2024 WL 2831201 at *1 (E.D. Mo. Jun. 4, 2024); *see also Huskey v. Colgate-Palmolive Co.*, 486 F. Supp. 3d 1339 (E.D. Mo. 2020) ("Because 'a plaintiff's failure to address a defendant's arguments on a motion to dismiss operates as an abandonment of those claims,' the Court will treat Plaintiffs' failure to address [Defendant's] arguments as a concession."); *Thomas v. Walmart Stores, LLP*, 2014 WL 117645 at *2 (E.D. Mo. Jan. 13, 2014) ("Plaintiff has utterly failed to address Defendant's arguments in support of its Motion to Dismiss. The Court construes such failure as abandonment of Plaintiff's claims."); *Jarrett v. Henkel Corp.*, 2016 WL 409819 at *2 (W.D. Mo. Feb. 2, 2016) ("A plaintiff's failure to address a defendant's arguments on a motion to dismiss operates as an abandonment of those claims."); *see also* Fed. R. Civ. P. 41(b).

Plaintiff's response does not rebut any of Defendant's arguments, does not include a single citation to supportive law, and does not in any way establish Plaintiff is entitled to relief on its claims. Plaintiff has had ample opportunity to assert valid claims and file a substantive response to Defendant's motion and has failed to do so. The Court is not Plaintiff's advocate and will not make arguments on Plaintiff's behalf, find the case law to support those arguments, and then use those arguments and case law to deny Defendant's motion to dismiss. The Court construes Plaintiff's failure to provide a substantive response as a waiver and abandonment of its claims and will dismiss the amended complaint on this basis.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 17) is **GRANTED**. This matter is **DISMISSED**, without prejudice.

So Ordered this 16th day of January, 2024.

STEPHEN R. WELBY
**UNITED STATES MAGISTRATE JUDGE**